UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOSES R. KIRSCHKE, #384285,

    Plaintiff,

v.                                        CASE NO. 2:20-CV-11118
                                         HONORABLE VICTORIA A. ROBERTS

SCOTT SCHOOLEY, et al.,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

I.

This a *pro se* prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. In his Prisoner Civil Rights Complaint, Michigan prisoner Moses R. Kirschke ("Plaintiff"), currently confined at the Lakeland Correctional Facility in Coldwater, Michigan, alleges that his constitutional rights were violated while was confined at the Thumb Correctional Facility in Lapeer, Michigan from June, 2016 through December, 2016. In particular, Plaintiff alleges that employees at the Thumb Correctional Facility denied him envelopes for sending legal mail, denied him the use of a typewriter, unfairly restricted his law library access, failed to investigate and act upon his grievances and complaints, threatened him, and improperly transferred him to another prison, the Lakeland Correctional Facility. He names Thumb Deputy Warden Scott Schooley, Thumb Resident Unit Managers Alan Greason and K. Kennedy, Thumb Assistant Resident Unit Supervisor Brian Rousseau, Thumb Law Librarian Anthony Valone, and Thumb Transfer Coordinator Natalie Farnsworth as the defendants in this action and sues them in their personal capacities. He seeks compensatory and punitive damages, costs, and any other appropriate relief. The Court granted

Plaintiff leave to proceed without prepayment of the filing fee for this action. 28 U.S.C. § 1915(a)(1).

II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

If the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones* and holding that if, on the face of a complaint, the allegations show that relief is barred by an affirmative defense (lack of exhaustion), the complaint is subject to dismissal for failure to state a claim).

### III.

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). Section 1983 civil rights actions are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). Accrual of the claims for relief is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of

the injury that is the basis for the action.  *Collyer*, 98 F.3d at 220.

Plaintiff's Prisoner Civil Rights Complaint is untimely.  In his pleadings, he raises claims concerning events that occurred from June, 2016 through December, 2016 while he was confined at the Thumb Correctional Facility in Lapeer, Michigan.  Plaintiff knew or had reason to know of the events and injuries giving rise to his complaint at the time of those events.  Consequently, his civil rights claims accrued in 2016 with the last event, the alleged improper prison transfer, occurring on December 29, 2016.  Plaintiff, however, did not sign and date his Prisoner Civil Rights Complaint until April 7, 2020, more than three months after Michigan's three-year limitations period ended.  This action is therefore untimely.[1]  Moreover, Michigan law no longer tolls the running of the statute of limitations while a plaintiff is incarcerated.  Mich. Comp. Laws § 600.5851(9).  And it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations.  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *see also Mason v. Department of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002).[2]  Plaintiff's Prisoner Civil Rights Complaint is untimely and

---

[1]Plaintiff alleges that he learned that family members would not visit him at the Lakeland Correctional Facility shortly after his December 29, 2016 transfer and that, on or about January 7, 2017, he discovered that Lakeland had elevated levels of lead in their drinking water.  Even using January 7, 2017 as the latest "event" or "injury" for purposes of the start of the limitations period, this action is still untimely by three months.  Additionally, the Court notes that Plaintiff does not raise legal claims involving the Lakeland drinking water in this action.  Rightly so given that the named defendants are employed at the Thumb Correctional Facility and are not responsible for the conditions of confinement at Lakeland.

[2]In fact, Michigan law does not permit equitable tolling; rather tolling must be based on a statute.  *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11-CV-14502, 2012 WL 5828623, *8 n. 2 (E.D. Mich. July 6, 2012) (citing *Livingston v. C. Michael Villar, P.C.*, No. 299687, 2012 WL 639322, *2 (Mich. Ct. App. Feb. 28, 2012) (per curiam)); *accord Weathers v. Holland Police Dept.*, No. 1:13-cv-1349, 2015 WL 357058, *5 (W.D. Mich. Jan. 27, 2015).

must be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

IV.

Accordingly, for the reasons stated, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Prisoner Civil Rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. The Court further concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). This case is closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2020